IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV142-MU

SHAUN A. POSTON,            )
                            )
        Plaintiff,          )
                            )
    v.                      )        **ORDER**
                            )
GRETCHEN SHAPPERT, SHERIFF  )
PENDERGRAPH AND MARK P.     )
Foster                      )
        Defendants.         )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 19, 2006 (Document No. 1.) Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be <u>dismissed</u>.

By way of this § 1983 Complaint, Plaintiff names Gretchen Shappert,[1] United States Attorney for the Western District of North Carolina, Sheriff Pendergraph[2] and defense attorney, Mark Foster[3] as Defendants. Plaintiff's Complaint, filed as a § 1983 claim, essentially contains

---

[1] Ms. Shappert, as the United States Attorney for the Western District of North Carolina, is a federal employee and as such is not amenable to suit under § 1983.

[2] Sheriff Pendergraph is the Sheriff of Mecklenberg County and would be amenable to suit under § 1983, however Plaintiff's allegations do not challenge the conditions of his confinement but rather challenge his underlying criminal conviction. A § 1983 claim is not the appropriate vehicle to challenge Plaintiff's underlying criminal conviction.

[3] Mark Foster was Plaintiff's defense attorney during his underlying criminal case. Neither a prosecutor not a private defense attorney is amenable to suit under 28 U.S.C. § 1983 on allegations such as the one made here. Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel).

1

allegations which attack the validity of his underlying criminal conviction.[4] A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. A § 1983 action is not the proper vehicle to attack an underlying criminal conviction. Furthermore, the Court has reviewed Plaintiff's prior filings and notes that Plaintiff has already filed a habeas corpus suit which has been dismissed as untimely by this Court. (See 5:03cv143). That dismissal was affirmed on appeal. (See 4th Cir. Unpublished Opinion, 04-6442 (7/21/04).) Accordingly, Plaintiff may not file a successive petition in this Court without prior authorization of the Fourth Circuit Court of Appeals.

Based upon the foregoing, the instant Complaint is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.[5]

**SO ORDERED.**

Signed: November 9, 2006

Graham C. Mullen
United States District Judge

---

[4] Plaintiff contends that Gretchen Shappert, the United States Attorney for the Western District of North Carolina, knowingly put on a witness during his criminal trial who provided false testimony. Plaintiff further claims that Sheriff Pendergraph and his criminal defense attorney, Mark Foster, did nothing to investigate his allegation of perjured testimony after he became aware or the false testimony.

[5] The Court notes that Defendant Shappert filed a Motion to Dismiss on November 6, 2006 (Document No. 5.) In light of this Court ruling, the Court dismisses that motion as moot.

2