IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV142-MU

| | |
|---|---|
| SHAUN A. POSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GRETCHEN SHAPPERT, SHERIFF ) | |
| PENDERGRAPH AND MARK P. ) | |
| Foster ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Request for Reconsideration and Request to Amend Rule 15(a), filed November 11, 2006 (Document No. 10.) For the reasons stated herein, Plaintiff's Motion is Denied.

On October 19, 2006, Plaintiff filed a Complaint, which this Court construed pursuant to 42 U.S.C. § 1983, against United States Attorney Gretchen Shappert, Mecklenburg County Sherif Jim Perdergraph and defense attorney Mark Foster. On November 6, 2006 Defendant Shappert filed a Motion to Dismiss and on November 9, 2006 this Court dismissed Plaintiff's Complaint on initial review for failure to state a claim for relief in that Plaintiff's Complaint, filed as a § 1983 claim, essentially contained allegations which attacked the validity of his underlying criminal conviction.[1] (Document No. 8.)

---

[1] Plaintiff contends that Gretchen Shappert, the United States Attorney for the Western District of North Carolina, knowingly put on a witness during his criminal trial who provided false testimony. Plaintiff further claims that Sheriff Pendergraph and his criminal defense attorney, Mark Foster, did nothing to investigate his allegation of perjured testimony after he became aware or the false testimony.

1

By way of the instant Motion for Reconsideration, Plaintiff contends that he intended his Complaint to be filed under 42 U.S.C. § 1985(3) and not under 42 U.S.C. § 1983. However, Plaintiff concedes that he never cited to 42 U.S.C. § 1985(3) in his Complaint and that he did cite to 42 U.S.C. § 1983 in the "relief sought" section stating "[m]oreover, Sheriff Jim Pendergraph be sanctioned for deprivation of rights and that factual findings also be made to provide the merits of the complaint either by the court and or a jury, to show the violation in conduct. § 1983." (Complaint at 5.) Given that the Plaintiff did not specifically state under what legal theory he was proceeding under in his Complaint and that he did specifically cite to 42 U.S.C. 1983 in his "relief sought" section, this Court was not incorrect to consider the merits of Plaintiff's case under the Civil Rights Statute cited by Plaintiff i.e. § 1983. Furthermore, the Plaintiff has the burden of articulating his claim and on what authority he is proceeding. The Court need not make out Plaintiff's claims for him.

Notwithstanding that Plaintiff did not carry his burden in identifying what statute he was proceeding under, this Court will now consider Plaintiff's Complaint pursuant to 42 U.S.C. § 1985(3). In order to establish a cause of action under 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover, the law is well settled that to prove a 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995).

Plaintiff's Motion for Reconsideration taken together with his original Complaint allege that Defendant Shappert knowingly put on a witness during his criminal trial who provided false testimony. Plaintiff further claims that Sheriff Pendergraph and his criminal defense attorney, Mark Foster, did nothing to investigate his allegation of perjured testimony after they became aware or the false testimony. Specifically, Plaintiff's Complaint and attached exhibits show that the Sheriff's Office received a copy of a letter written by Derek Allison, then a Mecklenburg County Jail inmate, stating that Defendant Gretchen Shappert had solicited false testimony in his trial as well as in Plaintiff's trial. Plaintiff's exhibits further show that the Sheriff's Office forwarded the letter from Mr. Allison to Ms. Shappert who in turn faxed the letter to Plaintiff's defense counsel, Defendant Mark Foster. Mr. Foster then wrote to Plaintiff explaining the contents of the letter and discussed legal strategies with Plaintiff regarding the contends of the letter. (See Exhibits 2 and 3 to Plaintiff's Complaint.)

Plaintiff contends that by this "chain" of forwarding the letter on from the Sheriff's Office to Ms. Shappert to defense counsel, Mark Foster, each Defendant was placed on notice that a crime was committed in his criminal trial. However, 1985 requires more than "notice" on the part of each defendant, it requires a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). Here, Plaintiff simply has not put forth any evidence showing that Defendants conspired together to violate his constitutional rights. In fact, Plaintiff's exhibits show that when each Defendant became aware of the letter by Mr. Allison alleging that Ms. Shappert told him to lie in Petitioner's trial, they each forwarded that letter on to the appropriate person, i.e. the Sheriff's Office sent it to Ms. Shappert and Ms. Shappert sent it on to Petitioner's defense counsel, Mr.

3

Foster, who in turn made Petitioner aware of the contents of the letter. Petitioner then contends that Mark Foster then neglected to investigate the contends of the letter. However, whether Mr. Foster investigated the letter or not is immaterial to Petitioner's § 1985 claim. Furthermore, a review of Petitioner's Complaint shows that Plaintiff has not articulated facts which establish the remaining elements of a 1985 claim. Specifically, Plaintiff stated that he is black, however he did not state whether the defendants are white. While the Court can take judicial notice of the fact that Mr. Pendergraph, Mr. Foster and Ms. Shappert are indeed white, this alone, is insufficient to state a claim under 1985(3). Goodsen v. Howard, 954 F.2d 960, 970 (4th Cir. 1992) (holding that there mere statement that plaintiff was black and the officers in question were while was insufficient to state a claim under § 1985(3)). Furthermore, a plaintiff alleging unlawful intent in a conspiracy claim must plead facts in a nonconclusory fashion. Id. at 969-970. Plaintiff's allegation that Defendants "discriminated against him because of his poverty to pay defendant Foster to investigate this crime committed by defendant Shappert and that defendant Jim Pendergraph discriminated against plaintiff because of his current incarceration and all three defendants knew of the crime and failed to act because of race and current reason of incarceration and conviction of Federal charge and looks at my case and the crime committed as being plaintiff's a "Drug Dealer" and his constitutional rights do not deserve equal protection under the law" is completely conclusory and does not meet the elements of a § 1985 claim. (Motion for Reconsideration at 2.)

The Court has reconsidered Petitioner's Complaint in light of his claim that he intended the Complaint to be construed under § 1985(3) and not § 1983 and concludes that Plaintiff has failed to state a claim for relief under 1985(3) for the reasons stated in this Order. Therefore,

Plaintiff's Motion for reconsideration is Denied.

By way of the instant motion, Plaintiff also seeks permission to file an amended complaint. Plaintiff's request for permission to file an amended complaint is denied. This case has been considered on initial review and now again on Plaintiff's Motion for Reconsideration. The Court dismissed the Complaint on initial review and by way of the instant Order is denying Plaintiff's Motion for reconsideration. Therefore, this case is closed. Plaintiff may not file an amended complaint in a closed case.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Request for Reconsideration and Request to Amend is Denied.

**SO ORDERED**.

Signed: November 30, 2006

Graham C. Mullen
United States District Judge