IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV142-MU

| | |
|---|---|
| SHAUN A. POSTON, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| GRETCHEN SHAPPERT, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Reconsideration for Payment, on Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to transmit Partial Payments and Request" (Document No. 19.) For the reasons stated herein, Plaintiff's Motion is Denied.

On October 19, 2006, Plaintiff filed a Complaint, which this Court construed pursuant to 42 U.S.C. § 1983, against United States Attorney Gretchen Shappert, Mecklenburg County Sherif Jim Perdergraph and defense attorney Mark Foster. On November 6, 2006 Defendant Shappert filed a Motion to Dismiss and on November 9, 2006 this Court dismissed Plaintiff's Complaint on initial review for failure to state a claim for relief in that Plaintiff's Complaint, filed as a § 1983 claim, essentially contained allegations which attacked the validity of his underlying criminal conviction.[1] (Document No. 8.) On November 22, 2006 Plaintiff filed a

---

[1] Plaintiff contends that Gretchen Shappert, the United States Attorney for the Western District of North Carolina, knowingly put on a witness during his criminal trial who provided false testimony. Plaintiff further claims that Sheriff Pendergraph and his criminal defense attorney, Mark Foster, did nothing to investigate his allegation of perjured testimony after he became aware or the false testimony.

1

Motion to Amend and for Reconsideration which this Court denied on November 30, 2006. Plaintiff's case is now on appeal before the Fourth Circuit Court of Appeals.

By way of the instant Motion for Reconsideration, Plaintiff asks this Court to reconsider its Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments. Plaintiff contends that this Court should grant his Motion because the Clerk's Office delayed in issuing the Court's Order.[2] Plaintiff's Motion will be denied.

Title 28 of the United States Code governs cases in which a prisoner seeks to proceed in forms pauperis (IFP). 28 U.S.C. § 1915. Plaintiff appears to be under the impression that this Court could waive the entire filing fee. However, since Plaintiff had assets, ths statute makes clear that "the prisoner <u>shall</u> be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The fact that this Court did not rule on his Motion to Proceed In Forma Pauperis immediately does not alter the requirements under 28 U.S.C. § 1915. Furthermore, the fact that this Court dismissed Plaintiff's Complaint on initial review has no impact on Plaintiff requirement to pay the Court's fee. 28 U.S.C. § 1915(e)(2)(ii).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Document No. 19) is Denied.

---

[2] Plaintiff filed a Motion for Leave to Proceed in forma pauperis on October 30, 2006 (Document No. 3) and on March 7, 2007, this Court entered an Order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account. (Document No. 18).

**SO ORDERED**.

Signed: March 28, 2007

Graham C. Mullen
United States District Judge